**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TIMOTHY A. DAY, | : | **Hon. Renée Marie Bumb** |
| Petitioner, | : | Civil No. 07-2644 (RMB) |
| v. | : |  |
| CHARLES E. SAMUELS, | : | **OPINION** |
| Respondents. | : |  |

**APPEARANCES**:

> TIMOTHY A. DAY, #43134-018
> F.C.I. Fort Dix
> P.O. Box 7000
> Fort Dix, New Jersey  08640
> Petitioner Pro Se

**BUMB**, District Judge

Timothy A. Day, a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence on the grounds of insufficient evidence and that the sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).  Having thoroughly reviewed the Petition and accompanying memorandum, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner challenges a 121-month sentence filed in the United States District Court for the Middle District of Florida on January 27, 2004, after a jury found him guilty of 43 counts of mail fraud and conspiracy to commit mail fraud.  See United States v. Day, Crim. No. 03-0152 judgment (M.D. Fla. Jan. 27, 2004), cert. denied, 126 S. Ct. 432 (2005), rehearing denied, 126 S. Ct. 1125 (2006).  The Eleventh Circuit Court of Appeals affirmed the conviction on April 15, 2005.  See United States v. Day, 405 F. 3d 1293 (11th Cir. 2005).

On August 23, 2006, Petitioner filed his first motion to vacate the sentence pursuant to 28 U.S.C. § 2255.[1]  The

---

[1] The § 2255 motion presented the following claims:

(1) insufficiency of the evidence to support a guilty verdict;

(2) the Court violated his constitutional rights under the Fifth, Sixth and Fourteenth Amendments by: (a) suggesting questions to be asked of a particular witness and (b) by its response to a question from the jury during its deliberations;

(3) the Government committed a *Brady* violation by failing to disclose information relating to the interview of a witness;

(4) his sentence is illegal under the Sixth Amendment and *Winship, Apprendi, Jones* and *Ring*;

(5) his attorney rendered ineffective assistance in failing to preserve a *Blakely/Booker* argument for appeal;

(6) the verdict violated his rights under the Fifth, Sixth and Fourteenth Amendments;

(continued...)

sentencing court denied relief on January 8, 2007, on the grounds that claims One, Two(b), Four, Six, Eight and Nine were procedurally defaulted because they were not raised on direct appeal; claims Two(a) and Three were barred because they were raised on direct appeal and rejected by the Eleventh Circuit Court of Appeals; and claims Five and Seven (ineffective assistance of counsel) were without merit.  See Day v. United States, 2007 WL 80824 order (M.D. Fla. Jan. 8, 2007).

On April 23, 2007, Petitioner filed a motion to dismiss the indictment in the sentencing court.  On May 2, 2007, the sentencing court construed the motion as a second motion to vacate the sentence, pursuant to 28 U.S.C. § 2255, and dismissed it as a successive petition.  See 28 U.S.C. § 2244(b).  On May 23, 2007, the Eleventh Circuit Court of Appeals denied a certificate of appealability.  See Day v. United States, C.A. No. 07-10353-H order (11th Cir. May 23, 2007).

---

[1](...continued)

(7) his trial attorney rendered ineffective assistance in providing an inaccurate estimate of Petitioner's potential sentence;

(8) his right to a speedy trial was violated; and

(9) the Court erred in imposing a consecutive sentence and miscalculated the amount of his special assessment.

Day v. United States, 2007 WL 80824, *1 (M.D. Fla. Jan. 8, 2007)

On May 25, 2007, Petitioner filed a motion to modify sentence.  On May 31, 2007, the sentencing court construed the motion as a motion to vacate the sentence under § 2255, and denied it as a successive petition.  See <u>United States v. Day</u>, Civil No. 06-1554-T-30TBM order (M.D. Fla. May 31, 2007).

Petitioner filed this § 2241 Petition in this Court on June 6, 2007.  Petitioner challenges his federal sentence under 28 U.S.C. § 2241 on the following grounds:

> Ground One:  NOT GUILTY OF CRIME DOING TIME. INNOCENT.  NO EVIDENCE.  NO TESTIMONY TO SUPPORT VERDICT.  THE AUSA, POSTAL INVESTIGATOR AND JUDGE WERE CORRUPT ON MY CASE.
>
> Ground Two:  BOOKER/BLAKELY ERROR ILLEGAL SENTENCE IN VIOLATION OF 6TH, 5TH, AND 14TH AMENDMENTS OF U.S. CONST.

(Pet. ¶¶ 10.a., 10.b.)

## II.  DISCUSSION

A.  <u>Jurisdiction</u>

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948

4

revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Section 2255 further prohibits a second or successive motion under § 2255 unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, 2244(b). Petitioner's Booker claim cannot be raised in a successive § 2255 motion because it does not satisfy the gatekeeping requirements

under §§ 2244(b) and 2255, as the claim was available on direct appeal and when Petitioner filed his first § 2255 motion.[2]

Moreover, § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[3] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971);

---

[2] Booker was decided on January 12, 2005, while Petitioner's direct appeal was pending before the Eleventh Circuit Court of Appeals, which affirmed the conviction on April 15, 2005. See United States v. Day, 405 F. 3d 1293 (11th Cir. 2005). Thus, Petitioner could have, but did not, raise a Booker claim on direct appeal.

[3] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[4]  The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to

---

[4] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See " Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

7

constitutional claims.  However, the court held that, in this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective.  The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1).  If, as the Supreme Court stated in [Davis v. United States, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable.  In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes**

> **that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[5]

In this case, Petitioner challenges his conviction on two grounds. In Ground One, Petitioner asserts that he is innocent of the crime, as there was no evidence to support the verdict and the judge and Assistant United States Attorney were corrupt. In

---

[5] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

Ground Two, he challenges his sentence under <u>Booker</u>. It is clear that these claims are within the scope of claims that are cognizable under § 2255. Therefore, this Court lacks jurisdiction under § 2241 to entertain them unless § 2255 is inadequate or ineffective for him to raise them.

The remedy under § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention under Ground One. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." <u>Cradle</u>, 290 F. 3d at 539. As Petitioner raised Ground One in his first § 2255 motion and the sentencing court denied relief, § 2255 is not an inadequate or ineffective remedy for Ground One. <u>Id.</u>

Nor is § 2255 an inadequate or ineffective remedy for Ground Two. <u>Booker</u> evolved from the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). In <u>Apprendi</u>, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law. The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury

trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6).  In Ring v. Arizona, 536 U.S. 584 (2002), the Court held that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.  Ring, 536 U.S. at 602.  In Blakely, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Blakely, 542 U.S. at 303 (emphasis in original).  In Booker, the Supreme Court determined that, for reasons explained in Apprendi, Ring and Blakely, application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

As previously stated, Petitioner cannot raise his Booker claim in a successive § 2255 motion because the claim was not "previously unavailable," 28 U.S.C. § 2255 ¶ 8, as he could have

raised his Booker claim on direct appeal and in his first § 2255 motion. It does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his Booker claim, since § 2255 is not inadequate or ineffective "merely because . . . the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." In re Cradle, 290 F.3d at 539.

Moreover, § 2255 is not inadequate or ineffective for a prisoner to raise a Booker claim, even where the prisoner had no earlier opportunity to raise the claim because Booker was not decided until after his conviction became final and his first § 2255 motion was decided. See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). As the Third Circuit reasoned in Okereke:

> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-21.

If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an Apprendi claim, it follows that it is not an inadequate or ineffective vehicle for a petitioner to raise a Booker claim. Like Apprendi, Booker deals with sentencing and does not

decriminalize the conduct for which Petitioner was convicted. See White v. Holt, 215 Fed. Appx. 130, 132 (3d Cir. 2007) (district court lacks jurisdiction under § 2241 because § 2255 is not inadequate or ineffective remedy for Booker claim); Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006) (same); Padilla v. United States, 416 F.3d 424 (5th Cir. 2005) (same). Accordingly, this Court lacks jurisdiction to entertain Petitioner's Booker claim under § 2241.

Petitioner nevertheless argues in paragraph 13 of the Petition that § 2255 is inadequate or ineffective because the "11th Circuit Court is corrupt." However, § 2255 is not inadequate or ineffective if the sentencing court "could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking." Lequillou, 212 F.2d at 684. Because Petitioner could have raised the corruption issue in his first § 2255 motion, the alleged corruption of the Eleventh Circuit court does not render § 2255 inadequate or ineffective. See Powell v. Brooks, 2004 WL 4975474 (E.D. Va. 2004) (allegation of organized corruption in sentencing court does not render § 2255 inadequate or ineffective).

Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain them under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            United States District Judge


Dated:    June 27, 2007